JAMES L. DENNIS, Circuit Judge,
concurring in part, dissenting in part:
I respectfully concur in part in, and dissent in part from, the majority opinion.
Like the majority, I conclude that the parties entered into a valid settlement and compromise, but I disagree with the majority’s conclusion that the district court erred in interpreting and enforcing the parties’ agreement with respect to the partition of the lands that they co-owned.
In my view, the district court ultimately and correctly concluded that the parties entered a compromise in open court by which they agreed to partition Tracts 1 and 2, which they owned in indivisión, by sale to the highest bidder at a nonpublic auction between only the co-owners. The parties thereby implicitly agreed that the sale proceeds would be divided between *617 the co-owners in proportion to their shares, consistent with a partition by licitation provided for by Louisiana Civil Code article 811.[1]
The parties’ conduct and the very language of their compromise reveal that they intended to conduct the auction and distribute the proceeds of the sale as ordered by the district court. Before their compromise, Sundown was suing Haller for a partition by licitation of Tract 1 in state court because Sundown believed that Tract 1 was not susceptible to partition “in kind.” The parties’ compromise recited in open court expressly contained all of the elements of a partition by licitation of Tracts 1 and 2 as provided for by La. Civ.Code art. 811, except for the proviso that “the proceeds shall be distributed to the co-owners in proportion to their shares.” However, the parties did not explicitly state how the proceeds would be divided or that they would not be divided proportionately as per La. Civ.Code art. 811. Subsequently, the parties participated in an auction between themselves, and they expressed at the auction their mutual understanding that (1) their co-ownership of Tracts 1 and 2 was divided as follows: Haller 57% and Sundown 43%; (2) they were bidding on the total purchase price to be paid in; and (3) the highest bid amount would be distributed according to the proportionate share owned by each co-owner.
Furthermore, Sundown does not anywhere in its briefs set forth or explain any other reasonable interpretation of the parties’ compromise that they recited in open court and that they carried out by their conduct towards each other at the auction. Sundown seems to suggest that the parties agreed to a different auction scenario by which each party would bid only for the other party’s interest in the two tracts. Even if each party had tried to restrict its bid to what it would pay for the other party’s interest, however, each bid would have had to be translated into the total purchase price for the entirety of the two tracts in order to determine who had made the highest bid at the end of the auction, and to give the winning bidder credit for the value of the percentage of the property it already owned. Conducting the auction in the roundabout fashion suggested by Sundown therefore would not have changed the result.[2] The way the parties and the magistrate judge proceeded by having each party submit its bid in turn as a person bidding on the total purchase price of the two tracts was consistent with the Civil Code and a reasonable interpretation of what the parties recited in open court in their compromise and carried out in their conduct at the auction. Therefore, I have difficulty in finding any persuasiveness in Sundown’s argument that the parties agreed to something different from what amounts to a partition by licitation as defined by La. Civil Code art. 811 rev. cmt. (b).
*618 Under the undisputed facts and circumstances here, applying the appropriate Civil Code principles, I see no legal error in the manner in which the district court conducted the auction or enforced its result. La. Civil Code art. 1768 provides: “Conditions may be either expressed in a stipulation or implied by the law, the nature of the contract, or the intent of the parties.” The district court, like a Louisiana court that applies the Civil Code concepts and rules by second nature in interpreting parties’ contracts, correctly found that the parties here who agreed to a compromise settling a lawsuit that sought a partition by licitation of Tract 1,[3] by holding a non-judicial auction of Tracts 1 and 2 between themselves and excluding third persons, implicitly intended — by the nature of the compromise and its close resemblance to a partition by licitation— that the proceeds of the sale would be divided among the co-owners in proportion to their shares.
Because an extrajudicial or non-judicial partition agreement is a nominate contract,[4] it is subject to those special provisions in the Civil Code on the contract of partition. See La. Civ.Code art. 1916; Andrea Carroll and Richard D. Moreno, 16 La. Civ. L. Treatise, Matrimonial Regimes § 7:22 (3d ed.2013). Such special provisions that apply to partitions include, for example, La. Civ.Code art. 811, instructing that the proceeds of a partition by licitation or private sale shall be distributed to the co-owners in proportion to their shares. Although under the Louisiana Civil Code, “parties are free to contract for any object that is lawful, possible, and determined or determinable,” La. Civ. Code, art.1971, here there is no genuine evidence that the parties intended for the proceeds of the partition sale by non-judicial auction, between the co-owners and excluding third persons, to be divided among the co-owners in any way other than in proportion to each co-owner’s share, so the rule provided for in a partition by licitation under La. Civ.Code art. 811 controls.
Furthermore, even if we were to conclude that the compromise entered by Sundown and Haller did not implicitly call for the auction sale proceeds to be divided between them in proportion to each co-owner’s share, that open or doubtful provision should be interpreted as provided for by the Civil Code in such a situation. La. Civ.Code art.2053 provides: “A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties.” Article 2054 provides: “When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.” Article 2055 provides: “Equity, as intended in the preceding articles, is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another. Usage, as intended in the preceding articles, is a practice regularly ob *619 served in affairs of a nature identical or similar to the object of a contract subject to interpretation.” Applying these articles here, a Louisiana court would conclude that the express provisions of the settlement agreement and the law, equity, and usage in an agreement of this kind implies, and is necessary for the agreement to achieve its purpose, that the proceeds of the sale should be divided between the parties according to their respective co-ownership shares.
Although the district court may have erred in initially giving the magistrate judge a choice as to how to proceed with the auction, the magistrate judge, and ultimately the district court, correctly perceived and followed the intention of the parties and applied the legally correct interpretation of Louisiana law in the auction, partition, sale, and division of the sale proceeds so that any error in respect to those matters was harmless. Consequently, I would affirm the district court’s judgment ordering Sundown to transfer its interest in Tracts 1 and 2 to Haller upon distribution of the net sale proceeds due Sundown for its proportionate share in the co-owned properties.
Haller is entitled to acquire full ownership of the co-owned properties upon making the payment due, the issues with respect to Haller’s 99 year recreational lease and Sundown’s mineral rights on those properties appear to be moot, but in an abundance of precaution I would remand them for further consideration by the district court.
On the other hand, I agree with and concur in other parts of the majority opinion, viz., its affirmance of the district court’s denial of the Defendants’ motion to hold Sundown in contempt; its interpretation and declaration of the parties’ agreement with respect to the right of way and road construction giving Sundown access to its property; and its vacating of the district court’s imposition of terms as to a nine-month time limit on Sundown’s use of a temporary right of way during road construction, Haller’s right to review road construction cost estimates, and the requirement that Haller pay his portion of construction costs within ten days of receiving the bill.

. See La. Civ.Code art. 811, Revision comment (b): "Partition by licitation is a sale of a thing held in indivisión, with the proceeds of the sale divided among the co-owners in proportion to their shares. If the sale of the thing to a third person is excluded by previous agreement, an auction is conducted among the co-owners."

. As the magistrate judge explained, there was no other logical, reasonable way to distribute the proceeds than to distribute based on the undisputed percentage ownership interests. Any other distribution scheme would "alter[] Haller’s substantive property rights by effectively pretending that he never had an ownership interest in the two tracts at all.... Were a third party to have purchased the two tracts, Haller would be entitled to 57.7% of the sale amount. That percentage of ownership does not change simply because the only two bidders at the auction for the property were the parties to th[e] lawsuit.”

. If Sundown had succeeded in its state court suit, Tract 1 would have been partitioned by licitation; that is, it would have been sold by public auction to the highest bidder, with the proceeds divided between the co-owners, Sundown and Haller, in proportion to their shares. See La. Civ.Code art. 811, Revision Comment (b).

. “Nominate contracts are those given a special designation such as sale, lease, loan, or insurance.” La. Civ.Code Ann. art.1914.